817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lamorris RENDER, Petitioner-Appellant,
v.
R.C. MARSHALL, Respondent-Appellee.
 No. 86-4117.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1987.
 
 Before MERRITT, WELLFORD and NELSON, Circuit Judges.
 
 ORDER
 
 1
 The petitioner moves for counsel on appeal from the district court's judgment denying his petition for a writ of habeas corpus. Pursuant to Rule 9(a), Rules of the Sixth Circuit, this appeal has been referred to a panel of the Court for consideration.
 
 
 2
 The petitioner was convicted of murder by a Montgomery County Common Pleas Court jury in Dayton, Ohio. His sentence was fifteen years to life imprisonment. He exhausted his state remedies. His petition raises issues concerning a lesser included offense instruction, possible bias by a juror, a limitation on voir dire questioning, and a limitation on examination at a motion to suppress identification testimony.
 
 
 3
 The district court held that the state appellate court's findings of fact on these issues were entitled to a presumption of correctness which had not been rebutted. Sumner Mata, 449 U.S. 539, 546-50 (1981). Because the state appellate court found that there was no evidence to support the lesser included offense instruction, the district court held that the instruction did not violate due process. Henderson v. Kibbe, 431 U.S. 145, 154 (1977). The district court held that the juror's statement that her impartiality was not affected was also entitled to a presumption of correctness. Rushen v. Spain, 464 U.S. 114, 121-22 (1983) (per curiam). The court held that the limitation of voir dire did not rise to the level of a constitutional violation. Bell v. Arn, 536 F.2d 123, 125 (6th Cir. 1976). Finally, the court held that the limitation on examination at the motion to suppress hearing was not a violation of fundamental fairness because identification was never an issue at trial.
 
 
 4
 We agree with these conclusions of the district court. We have examined the cases cited in the petitioner's informal brief, and we hold that none of these cases affect the correctness of the district court's decision.
 
 
 5
 The motion for counsel is denied. Upon an examination of the record and the petitioner's informal brief, we affirm the judgment of the district court under Rule 9(b), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.